CARTER, C.J.,
concurring in the result.
_jjl respectfully agree with the majority’s decision to reverse the trial court’s judgment, but disagree with the majority’s rationale for reaching that conclusion.
*993 The claim for penalties and attorney fees is delictual in nature, and since Louisiana Revised Statutes section 23:1201 F does not reference a specific prescriptive period for claims for penalties and attorney fees, the one-year prescriptive period for delictual actions set forth in Louisiana Civil Code article 3492 should apply.
Louisiana Civil Code article 3492 provides that the prescriptive period commences the date the injury or damage is sustained. However, it is well settled that prescription cannot run against a cause of action that has not accrued, or while the cause of action cannot be exercised. See Reggio v. E.T.I., 07-1433 (La.12/12/08), 15 So.3d 951, 957; Bailey v. Khoury, 04-0620 (La.1/20/05), 891 So.2d 1268, 1275; Wilkinson v. Wilkinson, 323 So.2d 120, 125 (La. 1975). Louisiana Revised Statutes section 23:1201 F(4), which provides the health care provider with its cause of action, specifies that the health care provider may only be awarded penalties and attorney fees “/%]n the event that [it] prevails on a claim for payment of his fee.” (Emphasis added.) Under the plain language of Louisiana Revised Statutes section 23:1201 F(4), the health care provider’s claim for penalties and ^attorney fees does not accrue until the health care provider has prevailed on its claim for payment of its fee.
In this case, the hospital’s cause of action for penalties and attorney fees had not yet accrued when it filed suit, and the prescriptive period had not yet begun to run. For this reason, the WCJ erred in sustaining the peremptory exception raising the objection of prescription.[1]

. The employer has advanced the argument that this result allows the health care provider greater rights to penalties and attorney fees than are afforded to an injured worker. However, as set forth in the majority opinion, upon appropriate proof by the injured worker, penalties and attorney fees are mandatory, whereas the health care provider’s claim for penalties and attorney fees is discretionary. See La.Rev.Stat. Ann. §§ 23:1201 F(l) and 23:1201 F(4). Thus, I disagree that the health care provider is afforded greater rights than the injured worker.